1  Chant Yedalian, State Bar No. 222325
   (chant@chant.mobi)
2  CHANT & COMPANY
   A Professional Law Corporation
3  1010 N. Central Ave.
   Glendale, CA 91202
4  Phone: 877.574.7100
   Fax: 877.574.9411
5
   Counsel for Plaintiff
6

7

8

9

10

11                **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14  ERIN DE CESARE,                    ) Case No. 8:16-cv-6
                                        )
15             Plaintiff,               )
                                        ) **COMPLAINT FOR VIOLATIONS OF**
16  v.                                  ) **15 U.S.C. §§ 1681 *et seq.***
                                        )
17  LABORATORY CORPORATION             ) **JURY DEMAND**
    OF AMERICA HOLDINGS, and           )
18  DOES 1 through 10, inclusive,      )
                                        )
19             Defendants.              )
                                        )
20

21

22

23        Plaintiff, by her counsel of record, brings this action on her own behalf and

24  alleges the following upon personal knowledge, or where there is not personal

25  knowledge, upon information and belief:

26

27

28

## INTRODUCTION

1.     In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.  In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft.  A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs.   With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

2.     A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act), provides that:

> "**no person** that accepts credit cards or debit cards for the transaction of business **shall print** more than the last 5 digits of the card number _or_ **the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

3.     The law gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.    Although LABORATORY CORPORATION OF AMERICA HOLDINGS, and the other defendants herein had up to three years to comply, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit and debit card fraud by printing the expiration date of the card on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4.     This is a direct violation of FACTA. As the Ninth Circuit has explained: "In fashioning FACTA, Congress aimed to 'restrict the amount of information available to identity thieves.' 149 Cong. Rec. 26,891 (2003) (statement

COMPLAINT AND DEMAND FOR JURY TRIAL

of Sen. Shelby)." *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010).

5.    Similarly, the Seventh Circuit recently explained the importance of not disclosing the credit or debit card expiration date on a customer's receipt as follows:

"The present cases concern the expiration date.  The idea behind requiring its deletion is that, should the cardholder happen to lose the receipt of a transaction, the less information the receipt contains the less likely is an identity thief who happens to come upon the receipt to be able to figure out the cardholder's full account information and thus be able to make purchases that the seller will think were made by the legitimate cardholder.

A typical credit card has 16 digits and an expiration date that is the last day of a designated month and year.  Even if the identity thief has all 16 digits, without the expiration date he may be unable to use the card….  It's common in telephone and internet transactions for the consumer to be asked for an expiration date, and most systems will not allow the would-be customer to keep guessing at the date, as the guessing suggests that he may be an identity thief.

Additional reasons for requiring deletion of the expiration date include that 'expiration dates combined with the last four or five digits of an account number can be used to bolster the credibility of a criminal who is making pretext calls to a card holder in order to learn other personal confidential financial information.  Expiration dates are solicited by criminals in many e-mail phishing scams ..., are one of the personal confidential financial information items trafficked in by criminals ..., are described by Visa as a special security feature ..., [and] are one of the items contained in the magnetic stripe of a credit card, so

COMPLAINT AND DEMAND FOR JURY TRIAL

1    it is useful to a criminal when creating a phony duplicate card.'"

2    *Redman v. Radioshack Corp.*, 768 F.3d 622, 626-627 (7th Cir. 2014).

3

4         "[I]dentity theft is a serious problem, and FACTA is a serious

5    congressional effort to combat it." *Redman*, *supra*, 768 F.3d at 639.

6

7         6.    Plaintiff on behalf of herself brings this action against LABORATORY

8    CORPORATION OF AMERICA HOLDINGS and DOES 1 through 10

9    (collectively referred to as "Defendants") based on Defendants' violations of 15

10   U.S.C. §§ 1681 *et seq.*

11        7.    Plaintiff seeks, on behalf of herself, statutory damages, punitive

12   damages, costs and attorney fees, all of which are expressly made available by

13   statute, 15 U.S.C. §§ 1681 *et seq.*, for Defendants' unlawful practice of violating

14   FACTA's provisions intended to safeguard against identity theft and credit and debit

15   card fraud.

16

17                          **JURISDICTION AND VENUE**

18        8.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §

19   1331 and 15 U.S.C. § 168lp.

20        9.    Plaintiff resides in this judicial district and all Defendants do business

21   in and reside in this judicial district.

22        10.   Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and

23   (c) in that defendant LABORATORY CORPORATION OF AMERICA

24   HOLDINGS, has done and continues to do business, and intentionally avails itself

25   of the markets within this district, and it owns, manages, maintains and or operates

26   several physical locations within this district.

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

**PARTIES**

11.    Plaintiff, ERIN DE CESARE, is and at all times relevant hereto was a resident of the State of California.

12.    Defendant LABORATORY CORPORATION OF AMERICA HOLDINGS ("LabCorp") is a corporation organized and existing under the laws of the State of Delaware.  LabCorp owns, manages, maintains and or operates several physical locations within this district, offering various services for sale to the public.

13.    At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

14.    Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

**PLAINTIFF OPTED-OUT OF PUTATIVE CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT CONCERNING LABCORP**

15.    Plaintiff received a postcard notice entitled "Notice of Class Action Lawsuit and Proposed Settlement" for a case entitled *Legg v. Laboratory Corporation of America Holdings*, Case No. 0:14-cv-61543-RLR (S.D. Fla.). Among other things the postcard notice states "**Why am I getting this notice?**  You were identified as someone for which LabCorp may have printed such receipt [that included a credit card or debit card expiration date] based on LabCorp's records."

COMPLAINT AND DEMAND FOR JURY TRIAL

16.     Before filing this lawsuit, Plaintiff timely excluded herself (opted-out) of the putative class action and proposed settlement in *Legg v. Laboratory Corporation of America Holdings*, Case No. 0:14-cv-61543-RLR (S.D. Fla.).

## FIRST CAUSE OF ACTION

### For Violation of 15 U.S.C. §§ 1681 *et seq.*

**(On Behalf of Plaintiff against all Defendants including DOES 1 through 10)**

17.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

18.     Plaintiff asserts this claim on behalf of herself against Defendants and each of them.

19.     Title 15 U.S.C. § 1681c(g)(1) provides that:

"**no person** that accepts credit cards or debit cards for the transaction of business **shall print** more than the last 5 digits of the card number *or* **the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

20.     By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" after December 3, 2006 (15 U.S.C. § 1681c(g)(3)).

21.     Defendants transact business in the United States and accept credit cards and or debit cards in the course of transacting business with persons such as Plaintiff.  In transacting such business, Defendants use cash registers and or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

22.     After December 3, 2006, and within the class period for the case entitled *Legg v. Laboratory Corporation of America Holdings*, Case No. 0:14-cv-61543-RLR (S.D. Fla.), Defendants, at the point of a sale or transaction with Plaintiff ERIN DE CESARE, provided Plaintiff ERIN DE CESARE with one or

more electronically printed receipts on each of which Defendants printed the expiration date of her credit card or debit card.

23.    As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

24.    Defendants and each of them knew of and were well informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates.

25.    For example, but without limitation, several years ago, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other devices for the processing of credit or debit card payments, companies that sell software to operate payment card devices, companies that maintain and repair hardware or software used to process payment card transactions, and other entities informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

26.    Other entities, including but not limited to Defendants' merchant bank (also known as the acquiring bank or acquirer) which processes credit and debit card payments for transactions occurring at Defendants' physical locations, likewise informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

27.    In addition, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements,

wherein such policies VISA, MasterCard and others required Defendants (and informed Defendants of the requirements) to truncate credit and debit card numbers and prevent the printing of expiration dates on receipts.   In addition, these companies also publically announced some of these requirements. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publically announced Visa USA's new truncation policy to protect consumers from identity theft.  At the March 2003 press conference, Mr. Pascarella explained, as follows:

"Today, I am proud to announce an additional measure to combat identity theft and protect consumers.  **Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts.  The card's expiration date will be eliminated from receipts altogether.**  This is an added security measure for consumers that doesn't require any action by the cardholder.  We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts.

**The first phase of this new policy goes into effect July 1, 2003 for all new terminals.**  I would like to add, however, that even before this policy goes into effect, **many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began together several years ago**.

Receipt truncation is good news for consumers, and bad news for identity thieves.  Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, Social Security numbers, and more.  Visa's new policy will protect consumers by limiting the information these thieves

can access."  (Statements made by VISA USA's CEO, Carl Pascarella at a March 6, 2003 press conference held at Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy.)

28.    Moreover, the Government, through the Federal Trade Commission ("FTC"), provided notice to businesses on no less than three separate occasions in 2007 reminding them of the requirement to truncate credit and debit card information on receipts.  Defendants were informed of and knew about these notices from the FTC.  In one such notice, entitled "FTC Business Alert" "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," and dated May 2007, the FTC reminded businesses, among other things, of the following:

"What's on the credit and debit card receipts you give your customers?  The Federal Trade Commission (FTC), the nation's consumer protection agency, says it's time for companies to check their receipts and make sure they're complying with a law that's been in effect for all businesses since December 1, 2006.

According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information.  You may include no more than the last five digits of the card number, and **you must delete the card's expiration date**. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT:***********12345

EXP:****

Why is it important for businesses to make sure they're complying with this law?  Credit card numbers on sales receipts are a

COMPLAINT AND DEMAND FOR JURY TRIAL

'golden ticket' for fraudsters and identity thieves.  Savvy businesses appreciate the importance of protecting their customers — and themselves — from credit card crime."

29.    Defendants also knew that their electronic receipt printing equipment (inclusive of software and other codes) were configured and/or otherwise outdated such that they would print and were printing debit card and credit card receipts that displayed the card's expiration date printed on each customer's receipt in violation of FACTA.  Despite this knowledge, Defendants decided to forego and otherwise avoid the expense, time and other resources required to properly configure and update their electronic receipt printing equipment (inclusive of software and other codes) such that they would not print information (such as the card expiration date) prohibited by FACTA.  Thus, Defendant's violations of FACTA were not accidental oversights, but were a means of avoiding the additional expense, time, and other resources required to properly configure and otherwise update their electronic receipt printing equipment.

30.    As set forth above, Defendants put their own interests ahead of and instead of their customers' rights under FACTA.

31.    Thus, despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had over three years to comply with FACTA's requirements, Defendants and each of them knowingly willfully, intentionally, and recklessly violated FACTA's requirements by, *inter alia*, printing the expiration date of the card upon the receipts provided to the cardholders with whom they transact business.

32.    Defendants' business peers and competitors brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example, doing things such as programming their card machines and devices to prevent them from printing more than the last five digits of the card number and or

the expiration date upon the receipts provided to the cardholders.  Defendants could have readily done the same.

33.     Instead, Defendants knowingly, willfully, intentionally, and recklessly disregarded FACTA's requirements and used cash registers and or other machines or devices that printed receipts in violation of FACTA.

34.     Defendants knowingly, willfully, intentionally, and recklessly violated FACTA in conscious disregard of the rights of Plaintiff and the CLASS.

35.     Defendants have also harmed Plaintiff by exposing her to at least an increased risk of identity theft and credit and or debit card fraud.

36.     As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff for statutory damages, punitive damages, costs and attorney fees, all of which are expressly made available by statute, 15 U.S.C. § 1681n, for Defendants' unlawful practice of violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

1.     An award to Plaintiff of statutory damages pursuant to 15 U.S.C. § 1681n for Defendants' willful violations;

2.     An award to Plaintiff of punitive damages pursuant to 15 U.S.C. § 1681n;

3.     Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n;

4.     Payment of reasonable attorney's fees pursuant to, *inter alia*, 15 U.S.C. § 1681n; and

//
//
//

COMPLAINT AND DEMAND FOR JURY TRIAL

5.   For such other and further relief as the Court may deem proper.

Dated: January 4, 2016            /s/ Chant Yedalian
                                  Chant Yedalian
                                  Attorney for Plaintiff Erin De Cesare
                                  E-mail: chant@chant.mobi

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: January 4, 2016            /s/ Chant Yedalian
                                  Chant Yedalian
                                  Attorney for Plaintiff Erin De Cesare
                                  E-mail: chant@chant.mobi

COMPLAINT AND DEMAND FOR JURY TRIAL